**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIMAS RODRIGUEZ, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: |
| | ) |
| LEGACY HEALTHCARE FINANCIAL SERVICES, LLC; and THE GROVE OF LAGRANGE PARK, LLC | ) ) ) ) |
| | ) |
| Defendants. | ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Dimas Rodriguez ("Dimas" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendants Legacy Healthcare Financial Services, LLC ("Legacy"), and The Grove of LaGrange Park, LLC ( "Grove", collectively "Defendants") states as follows:

**Nature of the Action**

1. Defendants employ Dimas and other similarly situated employees as "Admission Directors" to filter referrals for appropriate clients at Defendants' assisted living and rehabilitation facilities.

2. These "Admission Directors" are salaried employees who work extensive hours and are not paid any overtime compensation when they work in excess of 40 hours in individual work weeks.

3. However, Dimas and other "Admission Directors" are misclassified and should not be exempt from receiving overtime pay under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMLW"). In other words, they should have been paid overtime

1

wages of one and one-half times their regular rates of pay for all hours worked beyond forty in a work week.

4. As a result, this civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**Parties**

5. Plaintiff worked as a salaried employee for Defendants at its LaGrange Park, Illinois location.

6. Defendant Legacy Healthcare Financial Services, LLC is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. Legacy provides residential health care services at over 39 facilities throughout Illinois and over 60 facilities across Illinois, South Dakota, and Montana. Legacy deemed the Plaintiff one of its "employees" and oversaw the administration of The Grove of LaGrange Park.

7. Defendant The Grove of LaGrange Park is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. The Grove provides health care at its facility located at 701 N. LaGrange Road, in LaGrange Park, Illinois. Its Manager is Legacy Healthcare Financial Services, LLC.

8. Defendants are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

9. During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

10. Defendants are the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

11. Defendants are the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c)

12. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

13. Plaintiff was Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

**Jurisdiction and Venue**

14. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

15. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Factual Allegations**

16. Plaintiff worked for Defendants within the past three years.

17. Plaintiff and other Admission Directors are not paid overtime for hours worked over forty in a work week.

18. Upon information and belief, Defendants attempt to utilize the "administrative" FLSA overtime exemption.

19. However, Plaintiff and other Admission Directors are not exempt from receiving overtime pay under the FLSA and do not fit under any FLSA exemption.

20. Plaintiff and other Admission Directors are not exempt under the "administrative" exemption because their primary duty does not include the exercise of discretion and independent judgement with respect to matters of significance.

21. Plaintiff's and other Admission Directors' primary duty is admitting clients who have been referred to the facilities. To approve admissions, Plaintiff and other Admission Directors use a "Clinical Capabilities Grid" created by Legacy's corporate office to determine

3

whether a referral could become admitted as a client. Plaintiff and other Admission Directors have no actual decision-making powers in matters of significance when determining admissions for facilities.

22., Plaintiff and other Admission Directors regularly work over 40 hours per week without any overtime compensation. For instance, Dimas worked over 40 hours each week he worked for Defendants.

23. This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

24. Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

25. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff seeks to maintain this suit as a nationwide Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt Admission Directors who were not fully compensated for overtime hours worked.

27. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime at one and one-half times their regular rate of pay.

28. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were misclassified and not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies

29. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

4

30. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

31. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

32. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

33. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### **COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

34. The Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

35. Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

36. The proper overtime rate is computed by multiplying 1.5 times an employee's regular rate of pay.

37. Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

38. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

39. Due to Defendants' violations of the FLSA, the FLSA Collective is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendants' violations of the FLSA was willful;

B. Unpaid overtime compensation;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

40. Plaintiff hereby alleges and incorporates Paragraph 1 through 41 of this Complaint, as is fully set forth herein.

41. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

42. Under the IMWL, Defendants were and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

43. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

44. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

45. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A. A Declaratory Judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

    B. A declaratory judgement that Defendants' violations of the IMWL were willful;

    C. Unpaid overtime compensation;

    D. A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: August 25, 2022
Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David Fish
John Kunze
FISH POTTER BOLAÑOS, P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(312) 861-1800
www.fishlawfirm.com
docketing@fishlawfirm.com
dfish@fishlawfirm.com
kunze@fishlawfirm.com

Patrick Cowlin
FISH POTTER BOLAÑOS, P.C.
111 E. WACKER DRIVE, SUITE 2300
pcowlin@fishlawfirm.com