**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIMAS RODRIGUEZ, on behalf of himself and all other plaintiffs similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTHCARE FINANCIAL SERVICES, LLC; and THE GROVE OF LAGRANGE PARK, LLC,<br><br>Defendants. | Case No. 22-cv-04532<br><br>Hon. Robert W. Gettleman |

**DEFENDANT LAGRANGE SKILLED NURSING FACILITY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendant LaGrange Skilled Nursing Facility, LLC, incorrectly identified by Plaintiff Dimas Rodriguez ("Plaintiff") as "The Grove of LaGrange Park, LLC," by and through its undersigned counsel, hereby answers Plaintiff's Class and Collective Action Complaint (the "Complaint") and asserts its affirmative defenses as follows:

**Nature of the Action**

1.      Defendants employ Dimas and other similarly situated employees as "Admission Directors" to filter referrals for appropriate clients at Defendants' assisted living and rehabilitation facilities.

**ANSWER:**    LaGrange admits that it employed Plaintiff as its Admission Director.  LaGrange denies the remaining allegations contained in Paragraph 1.

2.      These "Admission Directors" are salaried employees who work extensive hours and are not paid any overtime compensation when they work in excess of 40 hours in individual work weeks.

**ANSWER:**    LaGrange admits that the Admission Director role is a salaried, exempt position. LaGrange denies the remaining allegations contained in Paragraph 2.

3. However, Dimas and other "Admission Directors" are misclassified and should not be exempt from receiving overtime pay under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMLW") [*sic*]. In other words, they should have been paid overtime wages of one and one-half times their regular rates of pay for all hours worked beyond forty in a work week.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 3.

4. As a result, this civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**ANSWER:** LaGrange admits that Plaintiff purports to assert collective action and class-based claims under the FLSA and the IMWL, but denies that it violated the FLSA, the IMWL, or any other statute or law with respect to Plaintiff's or any other employee's employment or wages, and denies the remaining allegations contained in Paragraph 4.

## Parties

5. Plaintiff worked as a salaried employee for Defendants at its LaGrange Park, Illinois location.

**ANSWER:** LaGrange admits that Plaintiff worked as a salaried employee for LaGrange. LaGrange denies the remaining allegations contained in Paragraph 5.

6. Defendant Legacy Healthcare Financial Services, LLC is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. Legacy provides residential health care services at over 39 facilities throughout Illinois and over 60 facilities across Illinois, South Dakota, and Montana. Legacy deemed the Plaintiff one of its "employees" and oversaw the administration of The Grove of LaGrange Park.

**ANSWER:**     LaGrange denies those allegations contained in Paragraph 6 that are directed toward it.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and, therefore, denies them.

7.     Defendant The Grove of LaGrange Park is a limited liability company headquartered at 340 Oakton Street, Skokie Illinois. The Grove provides health care at its facility located at 701 N. LaGrange Road, in LaGrange Park, Illinois. Its Manager is Legacy Healthcare Financial Services, LLC.

**ANSWER:**     LaGrange admits that it is an Illinois limited liability company that provides healthcare and rehabilitative services to clients at its facility located at 701 N La Grange Road, La Grange Park, IL 60526.  LaGrange denies the remaining allegations contained in Paragraph 7.

8.     Defendants are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange admits it is subject to the FLSA, and denies the remaining allegations contained in Paragraph 8 that are directed to it.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations that are not directed to it and, therefore, denies them.

9.     During the last three years, Defendants' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange admits it is subject to the FLSA, and denies the remaining allegations contained in Paragraph 9 that are directed to it.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 that are not directed to it and, therefore, denies them.

34427832.5

10.     Defendants are the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

**ANSWER:**     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent that a response is required, LaGrange admits it is subject to the FLSA, and that it employed Plaintiff as its Admissions Director.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 10 that are not directed to it and, therefore, denies them.

11.     Defendants are the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3 (c).

**ANSWER:**     The allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent that a response is required, LaGrange admits it is subject to the IMWL., and that it employed Plaintiff as its Admissions Director   Answering further, LaGrange  lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 that are not directed to it and, therefore, denies them.

12.     Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant admits that LaGrange employed Plaintiff as its Admissions Director.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 12 that are not directed to it and, therefore, denies them.

13.     Plaintiff was Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant admits that LaGrange employed Plaintiff as its Admissions Director. Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 13 that are not directed to it and, therefore, denies them.

## Jurisdiction and Venue

14. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

**ANSWER:** LaGrange admits that this court has original and supplemental subject matter jurisdiction over this matter. However, LaGrange denies that it violated the FLSA, the IMWL, or any other statute or law with respect to Plaintiff's or any other employee's employment or wages, and denies the remaining allegations contained in Paragraph 14.

15. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**ANSWER:** LaGrange admits that venue is proper. However, LaGrange denies that it violated the FLSA, the IMWL, or any other statute or law with respect to Plaintiff's or any other employee's employment or wages, and denies the remaining allegations contained in Paragraph 15.

## Factual Allegations

16. Plaintiff worked for Defendants within the past three years.

**ANSWER:** LaGrange admits that it employed Plaintiff within the past three years. Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 16 that are not directed to it and, therefore, denies them.

34427832.5

17.     Plaintiff and other Admission Directors are not paid overtime for hours worked over forty in a work week.

**ANSWER:**     LaGrange admits that Plaintiff's Admission Director position is exempt from the FLSA's overtime requirement.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 that are not directed to it and, therefore, denies them.

18.     Upon information and belief, Defendants attempt to utilize the "administrative" FLSA overtime exemption.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange admits that Plaintiff's Admission Director position is exempt from the FLSA's overtime requirement.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 18 that are not directed to it and, therefore, denies them.

19.     However, Plaintiff and other Admission Directors are not exempt from receiving overtime pay under the FLSA and do not fit under any FLSA exemption.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 19.

20.     Plaintiff and other Admission Directors are not exempt under the "administrative" exemption because their primary duty does not include the exercise of discretion and independent judgement with respect to matters of significance.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 20.

-6-

21.     Plaintiff's and other Admission Directors' primary duty is admitting clients who have been referred to the facilities. To approve admissions, Plaintiff and other Admission Directors use a "Clinical Capabilities Grid" created by Legacy's corporate office to determine whether a referral could become admitted as a client. Plaintiff and other Admission Directors have no actual decision-making powers in matters of significance when determining admissions for facilities.

**ANSWER:**     With respect to Plaintiff only, LaGrange admits that Plaintiff's primary duty as an Admission Director included the oversight and administration of LaGrange 's process for identifying, vetting, and admitting potential residents to its facility.  LaGrange denies the remaining allegations contained in Paragraph 21 that are directed to it.  Answering further, LaGrange lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 that are not directed to it and, therefore, denies them.

22.     Plaintiff and other Admission Directors regularly work over 40 hours per week without any overtime compensation. For instance, Dimas worked over 40 hours each week he worked for Defendants.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 22.

23.     This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 23.

24.     Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

**ANSWER:**     LaGrange admits that Plaintiff was employed by LaGrange in Illinois.  LaGrange denies the remaining allegations contained in Paragraph 24.

25.     Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 25.

34427832.5

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff seeks to maintain this suit as a nationwide Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt Admission Directors who were not fully compensated for overtime hours worked.

**ANSWER:** LaGrange admits that Plaintiff purports to assert collective action and class-based claims under the FLSA and the IMWL, but denies that it violated the FLSA, the IMWL, or any other statute or law with respect to Plaintiff's or any other employee's employment or wages, and denies the remaining allegations contained in Paragraph 26.

27. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime at one and one-half times their regular rate of pay.

**ANSWER:** The allegations in this paragraph set forth a legal conclusion to which no response is required. To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 27.

28. Plaintiff and asserted members of the Collective and Class are similarly situated because, inter alia, they all were misclassified and not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies.

**ANSWER:** LaGrange denies the allegations contained in Paragraph 28.

29. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

**ANSWER:** LaGrange denies the allegations contained in Paragraph 29.

30. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

**ANSWER:** LaGrange denies the allegations contained in Paragraph 30.

34427832.5

31.     There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 31.

32.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 32.

33.     Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 33.

## COUNT I - FAIR LABOR STANDARDS ACT
### (Plaintiff Individually and on Behalf of All
### Similarly Situated Employees Pursuant to 29 U.S.C. §216)

34.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

**ANSWER:**     LaGrange incorporates its answers to the allegations set forth in Paragraphs 1-33 as if set forth fully in response to this Paragraph 34.

35.     Under the FLSA, Plaintiff and the Collective were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 35.

34427832.5

36.     The proper overtime rate is computed by multiplying 1.5 times an employee's regular rate of pay.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 36.

37.     Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 37.

38.     Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 38.

39.     Due to Defendants' violations of the FLSA, the FLSA Collective is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 39.

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A.     A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

B.     A declaratory judgment that Defendants' violations of the FLSA was willful;

B. [*sic*] Unpaid overtime compensation;

B. [*sic*] An additional amount equal as liquidated damages;

-10-

C.    Prejudgment interest;

D.    Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.    Such other and further relief as this Court deems appropriate and just.

**ANSWER:**    LaGrange  denies that Plaintiff and/or members of the putative class are entitled to any relief whatsoever.


## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually and on Behalf of All
### Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)

40.    Plaintiff hereby alleges and incorporates Paragraph 1 through 41 [*sic*] of this Complaint, as is fully set forth herein.

**ANSWER:**    LaGrange incorporates its answers to the allegations set forth in Paragraphs 1-41 as if set forth fully in response to this Paragraph 40.


41.    This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

**ANSWER:**    LaGrange admits that Plaintiff purports to bring a claim under the IMWL, but denies that it violated the IMWL, the FLSA or any other statute or law with respect to Plaintiff's or any other employee's employment or wages, and denies the remaining allegations contained in Paragraph 41.


42.    Under the IMWL, Defendants were and remains [*sic*] obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

**ANSWER:**    The allegations in this paragraph set forth a legal conclusion to which no response is required.  To the extent that a response is required, LaGrange denies the allegations contained in Paragraph 42.

-11-

34427832.5

43.     Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 43.


44.     By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

**ANSWER:**     The allegations in this paragraph set forth a legal conclusion to which no response

is required.  To the extent that a response is required, LaGrange denies the allegations contained

in Paragraph 44.


45.     As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

**ANSWER:**     LaGrange denies the allegations contained in Paragraph 45.


WHEREFORE, Plaintiff requests the following relief individually and on behalf of

similarly situated employees:

A.     A Declaratory Judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

B.     A declaratory judgement that Defendants' violations of the IMWL were willful;

C.     Unpaid overtime compensation;

D.     A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E.     A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F.     Such other and further relief as this Court deems appropriate and just.

**ANSWER:**     LaGrange denies that Plaintiff and/or members of the putative class are entitled to

any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including

FLSA claims.

**ANSWER:**    LaGrange denies that class-wide treatment of Plaintiff's claims is appropriate and

denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, LaGrange states as follows:

1.      One or more of Plaintiff's claims fail to state a claim upon which relief can be

granted.  Namely, Plaintiff was compensated by LaGrange in accordance with the requirements of

the FLSA and the IMWL.  Hence, Plaintiff's claims are barred because he has received all

compensation to which he was entitled under the FLSA, the IMWL and/or any other law.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations. Further, Plaintiff is not entitled to an extension of the statute of limitations, because

LaGrange did not engage in any willful conduct in violation of the FLSA, the IMWL, and/or any

other law.

3.      Any act or omission alleged to have given rise to the Complaint was in good faith

and based on a reasonable belief that LaGrange was in compliance with all applicable wage and

hour requirements.

4.      Plaintiff is not entitled to relief, because he was compensated in accordance with

the FLSA and the IMWL.

5.      Plaintiff cannot establish any acts or omissions of LaGrange that were willful or

intentional under the FLSA, the IMWL, or any applicable law or regulation. Accordingly, Plaintiff

is not entitled to liquidated damages, exemplary damages or any other penalty under the FLSA,

-13-

34427832.5

the IMWL, or any applicable law or regulation.

6.      The putative class cannot be certified because, even, if LaGrange violated the FLSA, the IMWL, or any other applicable law or regulation, it did not do so pursuant to a uniform policy or practice.

7.      Plaintiff's claims are barred, in whole or in part, because LaGrange has at all times acted in good faith in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals, and interpretations and on the applicable administrative practices, enforcement policies under the FLSA and/or the IMWL.

8.      Plaintiff lacks standing to assert the legal rights of others.

9.      Plaintiff's attempt to certify a putative class for his claims must fail because Plaintiff's allegations fail to meet the requirements of 29 U.S.C. § 216(b) and/or Rule 23 of the Federal Rules of Civil Procedure.

10.     The class claims alleged by Plaintiff are neither common to, nor typical of those, if any, of the putative class members Plaintiff purports to represent, the existence of which is expressly denied.

11.     The class claims alleged by Plaintiff on behalf of himself and the putative class members, the existence of which is expressly denied, are matters as to which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

LaGrange reserves the right to assert and rely on any additional affirmative defenses, including based on information learned during the course of this litigation, including discovery, trial or otherwise.

WHEREFORE, Defendant LaGrange Skilled Nursing Facility, LLC requests that: (1) the putative class not be certified; (2) the Court dismiss the Complaint with prejudice; (3) the Court

34427832.5

enter judgment in LaGrange's favor and against Plaintiff on all claims; and (4) the Court award

LaGrange all just and proper relief.

Respectfully submitted,

**LAGRANGE SKILLED NURSING
FACILITY, LLC**

By: ___/s/ Jason C. Kim_____
                        One of Its Attorneys

Jason C. Kim
*jkim@nge.com*
Alexis M. Dominguez
*adominguez@nge.com*
Kathleen Okon
*kokon@nge.com*
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000

Dated: October 24, 2022

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on October 24, 2022, he caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sent notification of such filing to all counsel of record.


<u>*/s/ Alexis M. Dominguez*          </u>
Alexis M. Dominguez

34427832.5