IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIMAS RODRIGUEZ, on behalf of himself and all other plaintiffs similarly situated, | |
| Plaintiff, | |
| v. | Case No. 22-cv-04532 |
| LEGACY HEALTHCARE FINANCIAL SERVICES, LLC; and THE GROVE OF LAGRANGE PARK, LLC, | Hon. Robert W. Gettleman |
| Defendants. | |

**DEFENDANT LEGACY HEALTHCARE FINANCIAL SERVICES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Legacy Healthcare Financial Services, LLC ("Legacy"), respectfully moves this Court for an Order dismissing Plaintiff Dimas Rodriguez's ("Plaintiff") Class and Collective Action Complaint (the "Complaint") as to Defendant Legacy, as Plaintiff has plead no facts establishing that Legacy ever employed Plaintiff. In support this Motion, Legacy states as follows:

**I.  BRIEF FACTUAL BACKGROUND**

1. Plaintiff's Complaint asserts two causes of action: (1) a putative collective action under the Fair Labor Standards Act ("FLSA") in Count I, and (2) a putative class action under the Illinois Minimum Wage Law ("IMWL") in Count II. (Compl.)

2. The Complaint names as defendants The Grove of LaGrange Park, LLC ("The Grove"), and its purported "manager" Legacy Healthcare Financial Services, LLC ("Legacy"). (Compl., ¶ 7.) However, the Complaint does not specify which of these entities actually employed Plaintiff.

3. Rather, the Complaint seeks to lump both Defendants together and asserts in conclusory fashion that "Plaintiff worked as a salaried employee for Defendants at its LaGrange Park, Illinois location." (Compl., ¶ 5.) The Complaint further alleges, without explanation, that Legacy "oversaw the administration of The Grove." (Compl., ¶ 6.)

4. Importantly, however, the Complaint fails to identify which entity hired Plaintiff specifically, provided Plaintiff's paychecks, supervised Plaintiff's work, and/or maintained Plaintiff's employment records.

5. Despite the conspicuous lack of any allegation as to which of the two named defendants directly employed Plaintiff, the Complaint simply asserts in conclusory fashion that "Defendants are the Plaintiff's 'employer' as defined by the" FLSA and IMWL. (Compl., ¶¶ 10-11.) As explained in detail below, such bareboned allegations are woefully deficient.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges a plaintiff's complaint as failing to sufficiently state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under applicable notice-pleading standards, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Although a complaint need not provide detailed factual allegations, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 355 U.S. at 555. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim is facially viable "when the plaintiff pleads factual content that allows the court to draw the

-2-

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

### III. PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST LEGACY UNDER THE FLSA OR THE IMWL

Under the FLSA and IMWL, liability for unpaid wages extends only to "employers." 29 U.S.C. § 207(a); 820 ILCS 105/4. Importantly, "the 'employer' analysis is the same under the FLSA and the IMWL." *Boyce v. SSP America MDW, LLC*, No. 19 C 2157, 2019 U.S. Dist. LEXIS 127959, at *5 (N.D. Ill. July 31, 2019).

In the Seventh Circuit, "courts must examine the economic reality of the working relationship to assess whether an entity is an employer." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1127 (N.D. Ill. 2017) (citing *Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017)). In conducting this analysis, courts look to the totality of the circumstances, including "whether the defendant (1) had the power to hire and fire the employee, (2) supervised and controlled the employee's work schedule or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Boyce*, 2019 U.S. Dist. LEXIS 127959, at *6. Moreover, while an employee may have more than one employer at a time, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee." *Ivery*, 280 F. Supp. 3d at 1128 (citing *Moldenhauer v. Tazewell Pekin Consol. Communs. Ctr..*, 536 F.3d 640, 644 (7th Cir. 2008)). Here, Plaintiff has failed to allege sufficient facts to establish the existence of an employer-employee relationship between Plaintiff and Legacy.

The Complaint is devoid of any facts to establish that Plaintiff was ever employed by Legacy. In particular, the Complaint lacks any factual allegations regarding the economic reality of the relationship between Plaintiff and Legacy, including, for instance, that anyone at Legacy

hired, paid, or supervised Plaintiff, controlled Plaintiff's work schedule or conditions of employment, or maintained Plaintiff's employment records. The absence of such allegations is, on its own, fatal to Plaintiff's Complaint. *See Roberts v. One off Hospitality Group, Ltd.*, No. 21 C 5868, 2022 U.S. Dist. LEXIS 118430, at *13 (N.D. Ill. July 6, 2022) (dismissing complaint as to One Off because "Roberts does not make any specific allegations that suggest One Off hired her specifically, that her paychecks came from One Off, or that One Off supervised her work. Failure to make these allegations means that Roberts failed to identify which entity was her primary, direct employer."); *Ivery*, 280 F. Supp. 3d at 1125-1129 ("[Plaintiff] fails to allege even the most basic facts concerning her employment as an [assistant manager]; namely, who hired her, paid her, or directly supervised her work. By omitting such information, the amended complaint fails to identify which of the defendant entities was [Plaintiff]'s primary, direct employer. That deficiency alone is enough to sink her claim.").

Rather than provide any detail as to the nature or extent of Plaintiff's relationship with Legacy (because no such relationship exists), the Complaint asserts in conclusory fashion that "Defendants are the Plaintiff's 'employer.'" (Compl., ¶¶ 10-11.) However, "[t]hese sorts of conclusory allegations are not entitled to a presumption of truth." *Ivery*, 280 F. Supp. 3d at 1129; *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations … that disentitles them to the presumption of truth."). Nor are they "sufficient to establish a joint-employer relationship." *Boyce*, 2019 U.S. Dist. LEXIS 127959, at *8-9 ("Most of Boyce's allegations refer generally to "Defendants," which he defines to include both MDW and SSP, but such vague and undifferentiated allegations are not sufficient to establish a joint-employer relationship."); *Patino v. Sheen Cleaners, Inc.*, No. 19-cv-06817, 2021 U.S. Dist. LEXIS 63098, at *7 (N.D. Ill. Mar. 31, 2021) ("[P]laintiff's allegations fail when applied to 17's Cleaners because

the Complaint contains no specific allegations against it, only general allegations lumping the defendants together.").

Moreover, with respect to the only Complaint allegations actually directed to Legacy specifically—namely, that Legacy is The Grove's "Manager" and "overs[ees] the administration of The Grove" (Compl., ¶¶ 6-7)—such allegations also fail to establish a joint-employer relationship as "[c]ooperation between affiliates does not imply control." *Ivery*, 280 F. Supp. 3d at 1130; *see also Roberts,* 2022 U.S. Dist. LEXIS 118430, at *13 (noting that "the allegation that One Off [owns] and controls various entities which operate...Blackbird" suggests that One Off is not engaged in day-to-day management").

Simply put, the Complaint fails to state a viable claim with respect to Legacy because it contains no specific allegations demonstrating Plaintiff's employment relationship with Legacy. *See Ivery*, 280 F. Supp. 3d at 1129 (dismissing a named defendant where the plaintiff's "omission of … information from her complaint … suggests that her joint employer allegations should be viewed as an exercise in artful pleading rather than as a good faith effort to provide fair notice of a claim" and adding that "there is no room for 'game-playing omissions of plainly relevant detail' concerning a plaintiff's direct employer"); *Roberts*, 2022 U.S. Dist. LEXIS 118430, at *14 (dismissing FLSA and IMWL claims because "Roberts has thus failed to allege sufficient facts to support a plausible inference that One Off was her employer"). Accordingly, the Complaint fails to state viable claims as to Legacy under the FLSA or the IMWL and must be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Legacy Healthcare Financial Services, LLC respectfully requests that this Court dismiss Plaintiff's Class and Collective Action Complaint as to Legacy pursuant to Rule 12(b)(6).

Respectfully submitted,

**LEGACY HEALTHCARE FINANCIAL SERVICES, LLC**


By:    */s/ Jason C. Kim*
              One of Its Attorneys

Jason C. Kim
*jkim@nge.com*
Alexis M. Dominguez
*adominguez@nge.com*
Kathleen Okon
*kokon@nge.com*
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
(312) 269-8000

Dated: October 24, 2022

34478288.2

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 24, 2022, he caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sent notification of such filing to all counsel of record.

*/s/ Alexis M. Dominguez*
Alexis M. Dominguez

34478288.2